J-S13002-15

2015 PA Super 74

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JEFFREY CRISTINA | |
| Appellee | No. 601 WDA 2013 |

Appeal from the PCRA Order March 20, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001478-1976
CP-02-CR-0002462-1976
CP-02-CR-0002464-1976

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

CONCURRING STATEMENT BY MUNDY, J.:           **FILED APRIL 14, 2015**

I concur in the result reached by the Court.  As the Majority notes, the United States Supreme Court denied Appellant's petition for a writ of *certiorari* on February 21, 1979.  Majority Opinion at 2.  Therefore, Appellant's judgment of sentence became final on this date.  ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]").  Appellant filed the instant petition on July 27, 2012, which rendered it patently untimely.

"This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review **only** if the United States

Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (emphasis added). As the instant case comes to this Court, neither our Supreme Court or the United States Supreme Court has held that the rule announced in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), applies retroactively.[1] In my view, that is the end of the inquiry.

Our Supreme Court's opinion in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), *cert. denied*, ***Cunningham v. Pennsylvania***, 134 S. Ct. 2724 (2014), speaks for itself. Although the Majority is correct that ***Cunningham*** did not consider every theory of retroactivity under ***Teague v. Lane***, 489 U.S. 288 (1989) (plurality), and ***Danforth v. Minnesota***, 552 U.S. 264 (2008), ***Cunningham***'s overall conclusion nevertheless remains that ***Miller*** does not apply retroactively to cases in which the judgment of sentence has become final. ***See generally*** Majority Opinion at 8. Accordingly, with the foregoing observations, I respectfully concur in the Court's result that the PCRA court's order must be reversed.

_____

[1] The United States Supreme Court had granted *certiorari* in ***Toca v. Louisiana***, 135 S. Ct. 781 (2014), *cert. dismissed*, 135 S. Ct. 1197 (2015), to decide the retroactivity of ***Miller***. However, the writ of certiorari was dismissed upon written agreement of the parties under Supreme Court Rule 46(1) on February 3, 2015. On March 23, 2015, the Supreme Court granted *certiorari* in ***Montgomery v. Louisiana***, --- U.S. ---, 2015 WL 1280236 (2015), which again presents the ***Miller*** retroactively question. Nonetheless, until the United States Supreme Court issues its decision, ***Cunningham*** remains the final word on the issue in Pennsylvania.