J-S50023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN COLE | |
| Appellant | No. 1238 EDA 2015 |

Appeal from the PCRA Order April 13, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003064-2003
CP-15-CR-0003065-2003

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.: **FILED AUGUST 26, 2015**

Appellant, Shawn Cole, appeals from the April 13, 2015 order, dismissing as untimely, his fifth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On April 21, 2004, the trial court sentenced Appellant to an aggregate term of 17 to 34 years' imprisonment, following his convictions for eight counts of possession with intent to deliver, two counts of possession of drug paraphernalia, seven counts of criminal use of a communication facility, and one count of possession of a firearm prohibited.[1]  This Court affirmed

---

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(32), 18 Pa.C.S.A. §§ 7512(a) and 6105(a), respectively.

Appellant's judgment of sentence on July 15, 2005. **Commonwealth v. Cole**, 883 A.2d 685 (Pa. Super. 2005) (unpublished memorandum), *appeal dismissed*, 897 A.2d 1165 (Pa. 2006). Our Supreme Court granted Appellant's *allocatur* petition in part, but dismissed the appeal as improvidently granted on April 21, 2006. **Id.** Appellant did not seek a writ of *certiorari* from the Supreme Court of the United States; therefore, his judgment of sentence became final on July 20, 2006, when the filing period for such a petition expired.[2] **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

---

[2] Appellant timely filed his first PCRA petition on March 20, 2007, which the PCRA court dismissed on August 5, 2008, after two evidentiary hearings, and this Court affirmed on March 31, 2010. **Commonwealth v. Cole**, 996 A.2d 538 (Pa. Super. 2010) (unpublished memorandum). Appellant filed his second PCRA petition on May 11, 2010, which the PCRA court dismissed on December 20, 2010, and this Court affirmed on June 30, 2011. **Commonwealth v. Cole**, 31 A.3d 760 (Pa. Super. 2011) (unpublished memorandum). Appellant's third PCRA petition was filed on July 27, 2011, the PCRA court dismissed the same on August 29, 2011, this Court affirmed on March 9, 2012, and our Supreme Court denied *allocatur* on September 11, 2012. **Commonwealth v. Cole**, 47 A.3d 1239 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 53 A.3d 49 (Pa. 2012). Appellant's fourth PCRA petition was filed on November 9, 2012, the PCRA court dismissed it on December 4, 2012, this Court affirmed said dismissal on July 24, 2013, and our Supreme Court denied allowance of appeal on January 6, 2014. **Commonwealth v. Cole**, 82 A.3d 1077 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 84 A.3d 1061 (Pa. 2014).

review[]"); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). As a result, Appellant had until July 21, 2007 to timely file a PCRA petition.[3] Appellant filed the instant petition on October 15, 2014; therefore, it was facially untimely. However, Appellant argues this Court's decision in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), satisfies the newly-discovered fact exception to the time-bar at Section 9545(b)(1)(ii) and the new constitutional right exception to the time-bar at Section 9545(b)(1)(iii). Appellant's Brief at 2-3.

Our Supreme Court has held that judicial decisions are not "facts" for the purposes of Section 9545(b)(1)(ii). **Commonwealth v. Watts**, 23 A.3d 980, 986-987 (Pa. 2011). In addition, **Newman** did not purport to announce a new constitutional right, much less one that applied retroactively. Rather, in **Newman**, this Court held that all of Pennsylvania's mandatory minimum statutes, except those that rely on the fact of a prior conviction, are facially unconstitutional because their various subsections

---

[3] We note that July 20, 2007 was a Sunday; therefore, Appellant's PCRA petition was due by Monday, July 21, 2007. **See** 1 Pa.C.S.A. § 1908 (stating, "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation[]").

could not be severed from each other.[4]  **Newman**, **supra** at 101-102.

However, even if **Newman** did announce a new retroactive constitutional

right, Appellant's time-bar argument would still fail in this case, as this Court

lacks the judicial power to make such determinations for the purposes of the

PCRA time-bar.[5]  **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar

exception for "a constitutional right that was recognized by the Supreme

Court of the United States or the Supreme Court of Pennsylvania … and has

been held **by that court** to apply retroactively[]") (emphasis added).  As a

result, the PCRA court lacked jurisdiction to consider the merits of

Appellant's claims.

Based on the foregoing, we conclude the PCRA court properly

dismissed Appellant's fifth PCRA petition as untimely.  Accordingly, the PCRA

court's April 13, 2015 order is affirmed.

Order affirmed.

---

[4] Our Supreme Court recently agreed with **Newman**'s conclusion. **Commonwealth v. Hopkins**, --- A.3d ---, 2015 WL 3949099, at *1, 10, 11, 13 (Pa. 2015).  However, our Supreme Court did not hold that its rule was to be retroactively applied.

[5] To the extent Appellant's brief could be construed as arguing **Alleyne v. United States**, 133 S. Ct. 2151 (2013), satisfies the new constitutional right exception, this Court has rejected that argument.  **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2015