J-S50004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICKEY SANTOS COLON | |
| Appellant | No. 543 EDA 2015 |

Appeal from the PCRA Order January 23, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001921-2010

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                  **FILED SEPTEMBER 11, 2015**

Appellant, Mickey Santos Colon, appeals from the order entered January 23, 2015, by the Honorable Ann Marie M. Wheatcraft, Court of Common Pleas of Chester County, which denied his Post Conviction Relief Act[1] ("PCRA") petition.  We affirm.

The PCRA court's Rule 1925(a) opinion sets forth the relevant facts and procedural history of this case.  Therefore, we only briefly summarize them as follows. Herman McMullen, a confidential informant with a known drug history, facilitated the controlled purchase of cocaine from Colon on two occasions. A jury convicted Colon of two counts of possession with intent to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

deliver a controlled substance[2] and two counts of criminal use of a communication facility.[3] The trial court sentenced Colon to an aggregate term of 12 to 24 years' incarceration.[4]  On appeal, this Court affirmed Colon's judgment of sentence, and the Pennsylvania Supreme Court denied allocatur.  *See Commonwealth v. Colon*, 226 EDA 2012 (Pa. Super., filed Nov. 1, 2012) (unpublished memorandum), *appeal denied*, 67 A.3d 793 (Pa. 2013).

Colon filed a timely PCRA petition.  The PCRA court conducted an evidentiary hearing and later dismissed Colon's petition.  This timely appeal followed.

Appellant raises the following issues for our review:

---

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 7512(a).

[4] The court imposed a mandatory minimum five-year sentence pursuant to 18 Pa.C.S.A. § 7508. *See* 18 Pa.C.S. § 7508(a)(3)(ii) (mandatory five year sentence when the amount of cocaine involved is at least 10 grams but less than 100 grams and at the time of sentencing defendant has been convicted of another drug trafficking offense).  We recognize that Section 7508 has been found to be constitutionally invalid under *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013). *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*); *Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*) (applying *Newman* to Section 7508). However, to date, "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). *See also Commonwealth v. Riggle*, --- A.3d ---, 2015 Pa.Super. 147 (filed July 7, 2015) (finding *Alleyne* is not entitled to retroactive effect in PCRA setting).

I.      Was the PCRA court's dismissal of the Appellant's ineffective assistance of counsel claim an error because trial counsel was ineffective when they failed to object to Mr. McMullen's testimony about prior drug transactions between himself and Appellant which predated Mr. McMullen's working with the police?

II.     Was the PCRA court's dismissal of the Appellant's ineffective assistance of counsel claim [an] error because trial counsel was ineffective when they failed to object at trial or move for a mistrial when the Commonwealth witnesses characterized Appellant as a high-level drug dealer?

Appellant's Brief at 4.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error."  *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).  "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level."  *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).  In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived.  *See* 42 Pa.C.S.A. § 9543(a)(3).  "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions."  *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

As this Court has repeatedly stated,

[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (2011).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013). A failure to satisfy any prong of the *Pierce* test will require rejection of the claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Moreover, deference is given to the PCRA court's credibility determination if supported by the record. *See Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014).

Colon first argues that trial counsel were ineffective for failing to object to McMullen's testimony at trial regarding prior drug transactions between himself and Colon. *See* Appellant's Brief at 11. Specifically, McMullen testified that he had purchased $6,000 worth of drugs from Colon on one occasion in May 2009, and that he then purchased drugs from Colon on a weekly basis that entire year. *See* N.T., Trial, 10/6/10 at 180-182.

We note that "the admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012) (internal citations omitted).

It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or

- 4 -

proclivities. *See* Pa.R.E. 404(b); *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted).

Initially, we note that it appears from the record that the admissibility of the prior bad acts evidence in the nature of McMullen's testimony was previously litigated in the lower court. In its Rule 1925(a) opinion, the PCRA court correctly points out that the trial court determined on direct appeal that the "purpose of this evidence was offered to show motive, opportunity, intent, preparation, a common scheme or plan, knowledge, identity or absence of mistake or accident." PCRA Court Opinion, 4/17/15 at 9. *See also*, Trial Court Opinion, 3/23/12 at 16-17. This Court affirmed the trial court's ruling on appeal. *See Colon*, *supra* (affirming judgment of sentence on the basis of the trial court's Rule 1925(a) opinion). Accordingly, Colon cannot establish that the underyling issue regarding the admissibility of the prior bad acts testimony has arguable merit, and counsel was not ineffective for failing to object to it.

Even assuming, *arguendo*, that the underyling issue did have arguable merit, Colon cannot establish actual prejudice resulted from counsel's failure to object to McMullen's prior acts testimony. The record reveals that, immediately following McMullen's testimony, the trial court instructed the jury regarding the limited purpose of the prior bad acts testimony. The

court specifically instructed the jury that they must not regard the "evidence of these other bad situations as showing that the defendant is either a person of bad character or criminal tendencies from which you might be included to infer guilt on these two occasions with which he is charged." N.T., Jury Trial, 10/6/10 at 235-236. The court further instructed that "any testimony of other alleged bad conduct in the past on the part of [the] defendant is not admitted for any purpose whatsoever other than to show motive or course of conduct to set the scene of the charges in this case." *Id*. at 236. *See also*, N.T., Jury Trial, 10/6/10 at 149-151. We presume the jury followed these instructions. *See*, *e.g.*, *Commonwealth v. Miller*, 572 Pa. 623, 819 A.2d 504, 513 (2002). Therefore, Colon cannot establish that he was prejudiced by the admission of the prior bad acts evidence and, consequently, counsel's failure to object thereto.

Colon additionally argues that counsel was ineffective for failing to either object to or declare a mistrial following Detective Michael Reich's characterization of Colon at trial as a "mid to high-level" drug dealer. Appellant's Brief at 19. This argument likewise fails.

The PCRA court, based upon the testimony of counsel elicited at the evidentiary hearing, determined that counsel had a reasonable basis for not objecting to the detective's characterization of Colon:

> During the re-cross examination of Detective Reich, defense counsel asked him to explain the difference between McMullen's level of drug activity and [Colon's] level of drug activity. We found it was to [Colon's] advantage, and a reasonable strategy, for defense counsel to show the jury that McMullen was

testifying to save himself from further prosecution for his own drug dealings and that [his] testimony was self-serving.

PCRA Court Opinion, 4/17/15 at 10.

The PCRA court further determined that the overwhelming evidence of guilt presented at trial, including the telephone conversations in which Colon agreed to sell drugs to McMullen, the meetings between McMullen and Colon during which the informant obtained drugs, and Colon's admission that he had sold drugs prior to May and June of 2009, was such that Colon suffered little to no prejudice as a result of the detective's characterization. We find no error in the PCRA court's reasoning.

We additionally note that the trial court promptly issued a curative instruction following the detective's testimony that specifically addressed the characterization of Colon as a mid to high-level drug dealing:

> I want to tell you about the principles of law before we break for lunch. You have heard testimony that the authorities, police officers, believe that Mr. Colon was a drug dealer, and you have heard high-level. I don't know what you have heard. But you have to recall that his is only charged with two separate incidents in this trial. He is not charged for other things.
>
> However, other crimes, wrongs or acts may be admitted for other purposes such as to prove motive, opportunity, intent, preparation and about mistaken identity, those sorts of things. There are special rules that go along with those. As I said, he is not charged here with being a mid-level drug dealing or bad acts in the past. …
>
> *You must not regard this evidence of other conduct on his part that you might interpret as criminal or bad or improper that the defendant is either a person of bad character or criminal tendencies from which you might be inclined to infer his guilt of these two charges.*

N.T., Trial, 10/6/10 at 149-150 (emphasis added).

- 7 -

We find the trial court's instructions were sufficient to cure any prejudice that may have resulted from the detective's comments. **See Miller**, **supra**. Accordingly, as Colon fails to establish that counsel did not have a reasonable basis for failing to object to the detective's testimony or that prejudice resulted therefrom, counsel cannot be deemed ineffective on that basis.

Based on the foregoing, we affirm the PCRA court's dismissal of Colon's PCRA petition.

Order affirmed.

Judge Mundy concurs in the result.

Judge Jenkins concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2015