J-S57021-14

2014 PA Super 214

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EUGENE MILLER | |
| Appellant | No. 3551 EDA 2013 |

Appeal from the PCRA Order November 21, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004094-2004

BEFORE: DONOHUE, J., MUNDY, J., and STABILE, J.

OPINION BY MUNDY, J.: **FILED SEPTEMBER 26, 2014**

Appellant, Eugene Miller, appeals *pro se* from the November 21, 2013 order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On October 25, 2004, the Commonwealth filed an information charging Appellant with one count each of murder, simple assault, aggravated assault, recklessly endangering another person (REAP), persons not to possess a firearm, possession of a firearm without a license, and possession

of an instrument of a crime (PIC).[1] On May 10, 2005, Appellant proceeded to a jury trial. On May 25, 2005, the jury found Appellant guilty of third-degree murder, aggravated assault, possession of a firearm without a license, and PIC. The Commonwealth withdrew the remaining charges. On July 18, 2005, the trial court imposed an aggregate sentence of 27½ to 55 years' imprisonment.[2] Relevant to this appeal, the trial court imposed the mandatory minimum sentence of 25 years' imprisonment pursuant to Section 9714(a)(2). This was based on Appellant's previous convictions in New Jersey. *See* 42 Pa.C.S.A. § 9714(a)(2) (providing for a minimum sentence of 25 years' imprisonment "[w]here the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions[]").

On July 20, 2005, Appellant filed a timely post-sentence motion, which the trial court denied on December 14, 2005. Appellant filed a timely notice of appeal, and this Court affirmed the judgment of sentence on October 23, 2007. *Commonwealth v. Miller*, 943 A.2d 318 (Pa. Super. 2007)

_____

[1] 18 Pa.C.S.A. §§ 2502, 2701(a), 2702(a), 2705, 6105(a), 6106(a)(1), and 907(b), respectively.

[2] The trial court imposed 36 to 72 months' imprisonment for PIC, 25 to 50 years' imprisonment for third-degree murder, 30 to 60 months' imprisonment for firearms not to be carried without a license, and no further penalty for aggravated assault. The sentence for PIC is to run concurrently to the sentence for third-degree murder, but the sentence for the firearms charge was to run consecutively to the third-degree murder sentence.

(unpublished memorandum) (***Miller I***), *appeal denied*, 947 A.2d 736 (Pa. 2008). Our Supreme Court denied Appellant's petition for allowance of appeal on May 8, 2008. Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

On August 7, 2009, Appellant filed his first PCRA petition. The PCRA court appointed counsel, who filed an application to withdraw along with a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. On April 30, 2010, the PCRA court granted PCRA counsel's application to withdraw. On December 14, 2010, the PCRA court issued its notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant did not file a response, and the PCRA court entered an order dismissing Appellant's PCRA petition on February 8, 2011. Appellant filed a timely notice of appeal and this court affirmed the PCRA court's order on May 4, 2012. ***Commonwealth v. Miller***, 50 A.3d 233 (Pa. Super. 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On August 8, 2013, Appellant filed his second PCRA petition. On October 1, 2013, the PCRA court issued its Rule 907 notice, concluding that Appellant's petition was untimely filed, and Appellant had not proven an exception to the time-bar. Appellant did not file a response. On November

21, 2013, the PCRA court entered an order dismissing Appellant's second PCRA petition. On December 16, 2013, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following two issues for our review.

> [1.] Whether [a] newly recognized constitutional right … [in **Alleyne v. United States**, 133 S. Ct. 2151 (2013)], has been held to appeal [sic] retroactively, within the 60-day filing period begins [sic] to run upon the date of the underlying judicial decision of June 17, 2013[?]
>
> [2.] Whether the decision was rendered during the pendency of [Appellant]'s PCRA appeal and the issue was properly preserved[?]

Appellant's Brief at 6.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v.**

---

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

- 4 -

*Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. **Commonwealth v. Roney**, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." **Roney**, **supra** at 605 (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014) (citation

omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the

- 6 -

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on July 18, 2005. This Court affirmed the judgment of sentence on October 23, 2007, and our Supreme Court denied *allocator* on May 8, 2008. Appellant did not seek a writ of *certiorari* from the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on August 6, 2008, when the period for Appellant to file a petition for a writ of *certiorari* expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). Therefore, Appellant had until August 6, 2009 to timely file his PCRA petition. As Appellant filed the instant petition on August 8, 2013, it was patently untimely because it was filed more than four years past the deadline. However, Appellant avers that the time-bar exception at Section 9545(b)(1)(iii) applies in this case. Appellant's Brief at 6. Specifically, Appellant avers that the United States Supreme Court's decision in *Alleyne* announced a new constitutional right that applies retroactively.[4] *Id.* at 6, 13, 15.

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply

_____

[4] In addition to pleading and proving one of the three enumerated exceptions to the time-bar, this Court has often explained that all of the PCRA time-bar exceptions are subject to a separate deadline. "A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented." *Commonwealth v. Hernandez*, 79 A.3d 649, 651-652 (Pa. Super. 2013), *citing* 42 Pa.C.S.A. § 9545(b)(2). We note that *Alleyne* was decided on June 17, 2013 and Appellant filed the instant PCRA petition on August 8, 2013, 52 days after *Alleyne* was decided. Therefore, Appellant has complied with Section 9545(b)(2).

> retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Seskey***, ***supra*** at 242-243 (citations omitted).

As noted above, Appellant argues that ***Alleyne*** announced a new constitutional right that applies retroactively. Appellant's Brief at 6, 13, 15. In ***Alleyne***, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. ***Alleyne***, ***supra*** at 2163. ***Alleyne*** is an extension of the Supreme Court's line of cases beginning with ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). In ***Alleyne***, the Court overruled ***Harris v. United States***, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.

> It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante,* the contours of the penalty that the legislature affixed to the crime—

and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.

Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

*Alleyne*, *supra* at 2160-2161 (internal quotation marks and citations omitted).

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips**, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa.

- 10 -

2012), *citing* **Tyler v. Cain**, 533 U.S. 656, 663 (2001); **see also, e.g.**, **Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[]"), *appeal denied*, 951 A.2d 1163 (Pa. 2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.[5]

We are aware that an issue pertaining to **Alleyne** goes to the legality of the sentence. **See Commonwealth v. Newman**, --- A.3d ---, 2014 WL 4088805, *3 (Pa. Super. 2014) (*en banc*) (stating, "a challenge to a sentence premised upon **Alleyne** likewise implicates the legality of the sentence and cannot be waived on appeal[]"). It is generally true that "this

---

[5] However, even if Appellant's petition was timely filed, he would not be entitled to relief. The Supreme Court's decision in **Almendarez-Torres v. United States**, 523 U.S. 224 (1998) held that the fact of a prior conviction does not need to be submitted to the jury and found beyond a reasonable doubt. **Id.** at 246. **Alleyne** explicitly noted that **Almendarez-Torres** remains good law. **See Alleyne**, **supra** at 2160 n.1 (stating, "[i]n **Almendarez–Torres**, we recognized a narrow exception … for the fact of a prior conviction[; however, b]ecause the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today[]").

As noted above, in this case, Appellant received a higher sentence due to the fact of his prior convictions in New Jersey, pursuant to Section 9714(a)(2). **Miller I**, **supra** at 7-9; **see also** 42 Pa.C.S.A. § 9714(a)(2). As this increase in Appellant's minimum sentence is based on the fact of prior convictions, it is not prohibited by **Alleyne**.

Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. **See Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction[]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Seskey**, **supra** at 242. As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven. **See Fears**, **supra**; **Lawson**, **supra**.

Based on the foregoing, we conclude that the PCRA court correctly dismissed Appellant's second PCRA petition. Accordingly, the PCRA court's November 21, 2013 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014