J-S68040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE HENRY | |
| Appellant | No. 73 EDA 2015 |

Appeal from the PCRA Order December 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012688-2007

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 08, 2015**

Appellant, Andre Henry, appeals from the December 2, 2014 order dismissing, without a hearing, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA Court has summarized the relevant facts and procedural history as follows.

> On October 31, 2005, while in custody on an unrelated matter, [Appellant] was arrested and charged with two counts of first degree murder in connection with a [sic] drug related shooting deaths of Sean Young and Jamallian Malloy in 1996.
>
> On August 3, 2009, [Appellant] filed pre-trial motions, including a [m]otion to [s]uppress, before the Honorable Carolyn Engel Temin.  Judge Temin held the matters under advisement pending the testimony presented at trial.  Judge Temin ultimately

denied [Appellant]'s motions and, on August 6, 2009, found [Appellant] guilty of two counts of first degree murder.

[Appellant] appealed, claiming the trial court erred in denying his motion to suppress recorded conversations he had with another inmate as well as statements he later made to police. On February 8, 2011, the Superior Court affirmed [Appellant]'s judgment of sentence. [**Commonwealth v. Henry**, 24 A.3d 447 (Pa. Super. 2011), *appeal denied* 26 A.3d 482 (Pa. 2011).] The Superior Court specifically rejected [Appellant]'s claim with regard to the recorded conversations with the other inmate and deemed the other suppression claim waived because appellate counsel failed to cite relevant portions of the trial transcript. On August 2, 2011, the Pennsylvania Supreme Court denied allocator.

On June 8, 2012, [Appellant] filed a *pro se* PCRA petition. The court appointed counsel to represent [Appellant]. PCRA counsel thereafter filed an amended PCRA petition on his client's behalf, alleging ineffective assistance of trial counsel.[1] The Commonwealth filed a [m]otion to [d]ismiss.

---

[1] In his amended petition, PCRA counsel noted discrepancies in the transcripts from [Appellant]'s trial and [m]otion to [s]uppress. As a result, he could not ascertain whether trial counsel actually litigated a [m]otion to [s]uppress. Trial counsel did, in fact, litigate a [m]otion to [s]uppress on the record, which the trial court denied.

PCRA Court Opinion, 2/17/15, at 1-2 (footnote in original, citations omitted).

On October 28, 2014, the PCRA court notified Appellant pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intent to dismiss Appellant's petition without a hearing on the basis that Appellant's petition had no merit. Appellant did not file a response, and on December 2, 2014,

the PCRA court dismissed Appellant's PCRA petition. On December 29, 2014, Appellant filed a timely appeal.[1]

On appeal, Appellant raises the following issue for our review.

> I. Did the Honorable PCRA Court err when it dismissed [Appellant]'s Amended PCRA Petition without granting a [h]earing even though the Amended Petition properly pled and where [Appellant] would have been able to prove that he was entitled to relief?

Appellant's Brief at 3.

When reviewing PCRA matters, we are mindful of the following principles.

> We consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Pander***, 100 A.3d 626, 630 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 109 A.3d 679 (Pa. 2015). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his

---

[1] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). One such error, which provides a potential avenue for relief, is ineffective assistance of counsel. *Id.* § 9543(a)(2)(ii). The issues raised must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

Additionally, with regard to evidentiary hearings at the post-conviction stage of proceedings, we observe the following.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 604-605 (Pa. 2013) (internal quotation marks and citation omitted), *cert. denied*, *Roney v. Pennsylvania*, 135 S. Ct 56 (2014).. "The controlling factor … is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no

evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-727 (Pa. 2014). This Court reviews the decision to dismiss a PCRA petition without conducting an evidentiary hearing for an abuse of discretion. ***Miller***, ***supra***. Thus, we must first examine Appellant's claim of ineffectiveness, for if we determine that Appellant's claim is without arguable merit or Appellant has not established prejudice as a result of counsel's action or inaction, the PCRA court was not required to hold an evidentiary hearing. ***See Baumhammers***, ***supra***.

"In order to obtain relief on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668 (1984)." ***Commonwealth v. Reid***, 99 A.3d 427, 436 (Pa. 2014) (parallel citation omitted)*.* In Pennsylvania, adherence to the ***Strickland*** test requires a PCRA petitioner to establish three prongs. ***Id.*** Specifically, the petitioner must demonstrate "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error[.]" ***Id.*** (citation omitted). With regard to the third prong, "prejudice [is] measured by whether there is a reasonable probability that the result of the proceeding would be different." ***Id.*** Moreover, we presume counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 108 A.3d 779, 789 (Pa. 2014). "[I]f a claim fails under any required element of the ***Strickland*** test, the court may

- 5 -

dismiss the claim on that basis." ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014), *cert. denied*, ***Bomar v. Pennsylvania***, 136 S. Ct. 49 (2015). "Additionally, counsel cannot be deemed ineffective for failure to raise a meritless claim." ***Rivera***, ***supra***. (citation omitted).

Appellant's claim is that appellate counsel was ineffective for failing to cite to specific portions of the record when advancing Appellant's direct appeal claim that the trial court erred in failing to grant his motion to suppress his statements given to police. Appellant's Brief at 10-11. Appellant also argues that trial counsel was ineffective because he "did not actually pursue the [m]otion when it should have been pursued or pursued the [m]otion in a haphazard fashion that is not clearly reflected by the record[.]" ***Id.*** at 11.

In reviewing Appellant's claim we note that our Supreme Court has previously held that, "in cases where appellate counsel is alleged to be ineffective for failing to raise a claim of trial counsel's ineffectiveness … the inability of the petitioner to prove each prong of the ***Pierce*** test in respect to trial counsel's purported ineffectiveness alone will be fatal to his layered ineffectiveness claim." ***Commonwealth v. Mallory***, 941 A.2d 686, 699 n.15 (Pa. 2008) (citation omitted), *cert. denied*, ***Pennsylvania v. Mallory***, 555 U.S. 884 (2008).

Instantly, a review of the record belies Appellant's assertion that trial counsel failed to pursue Appellant's motion to suppress. Specifically, after the Commonwealth rested at trial, the following occurred.

> The Court: … I will decide the motion now. Does anybody wish to make argument on the motion?
> The motion was to suppress the taped conversations as well as the formal statements made by [Appellant].
>
> I believe that's all that was included in your motion?
>
> [Defense Counsel]: … My client would like to testify before you do the motion.
>
> The Court: On the motion?
>
> [Defense Counsel]: With respect to the motion itself.
>
> The Court: Very well. I'll permit that. He can testify from where he's sitting. It's not a problem.

N.T., 8/5/09, at 91-92.

The transcript continues for 20 pages, wherein the trial court heard argument on Appellant's motion to suppress, before ultimately denying said motion and allowing the statements into evidence. **Id.** at 111. Accordingly, trial counsel was not ineffective for failing to litigate Appellant's motion to suppress, as such claim is meritless. **Mallory**, **supra**. Furthermore, to the extent Appellant attempts to argue appellate counsel was ineffective for failing to raise this claim on direct appeal, this claim is also belied by the record. Appellant solely argued in his direct appeal that the trial court erred

in failing to grant Appellant's motion to suppress.[2] **_Henry_**, **_supra_** (unpublished memorandum).

Upon review, we agree with the PCRA court's conclusion that Appellant's ineffective assistance of counsel claim for failing to adequately pursue his motion to suppress is meritless, and thus fails under the **_Strickland_** test. **_Bomar_**, **_supra_**. Therefore, the PCRA court was not required to hold an evidentiary hearing. **_See Baumhammers_**, **_supra_**; **_Reid_**, **_supra_**.

Based on the foregoing, we conclude the PCRA court correctly dismissed Appellant's PCRA petition without an evidentiary hearing. **_See Pander_**, **_supra._** Accordingly, the PCRA court's December 2, 2014 order is affirmed.

Order affirmed.

_____

[2] Additionally, we note that the PCRA court opinion comprehensively discusses the basis for denying Appellant's motion to suppress after hearing testimony from Appellant himself in regards to said motion. PCRA Court Opinion, 2/17/15, at 4-5. Accordingly, any claim by Appellant that appellate counsel was ineffective for failing to cite to specific portions of the record in support of Appellant's direct appeal claim would warrant no relief as Appellant's claim that the trial court erred in denying his motion to suppress is meritless. **_Bomar_**, **_surpa_**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2015