J-S14027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RAMON HERNANDEZ | |
| Appellant | No. 1513 MDA 2015 |

Appeal from the PCRA Order March 31, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000594-2001
CP-67-CR-0000608-2001
CP-67-CR-0003223-2001
CP-67-CR-0003224-2001
CP-67-CR-0003225-2001
CP-67-CR-0003229-2001

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 25, 2016**

Appellant, Ramon Hernandez, appeals[1] *pro se* from the order entered on March 31, 2015 denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On August 20, 2001, Hernandez was sentenced to an aggregate term of 20 to 40 years' imprisonment after pleading guilty to various charges, including attempted murder, robbery, burglary, aggravated assault, theft,

---

[*] Former Justice specially assigned to the Superior Court.

[1] On March 8, 2016, Hernandez filed a "Motion to Supersede as a Stay/Or Remand." We deny this motion.

and conspiracy. Hernandez did not file a post-sentence motion or a direct appeal. Thus, his judgment of sentence became final on September 20, 2001. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3).

Thereafter, Hernandez filed an untimely PCRA petition, which he subsequently withdrew at a hearing held in 2003. On January 16, 2015, Hernandez filed a *pro se* PCRA petition, which is the subject of this appeal. The PCRA court dismissed Hernandez's petition as untimely, after providing Rule 907 notice. Thereafter, the PCRA court received *pro se* correspondence from Hernandez, indicating that he wished to appeal the court's decision. Initially, the PCRA court did not treat that letter as a notice of appeal; however, the PCRA court granted Hernandez's request to file an appeal *nunc pro tunc*. This appeal followed.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

In the instant case, we need not address the substance of Hernandez's appeal because his PCRA petition is untimely. "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). A petitioner must file a PCRA

petition within one year of the date that his judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). There are three statutory exceptions to the PCRA's timeliness provisions that allow for very limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

Here, as noted, Hernandez's sentence became final on September 20, 2001. Thus, his second PCRA petition—filed over thirteen years later—is patently untimely. Hernandez has failed to prove that an exception to the timeliness requirements of the PCRA applies.

For instance, on appeal, Hernandez argues that the timeliness exception in subsection 9545(b)(1)(iii) applies because the United States Supreme Court's holding in **Alleyne v. United States**, 133 S. Ct. 2151 (2013)[2] is an after-recognized constitutional right that should be applied retroactively to his case. Hernandez's argument, however, is meritless for

---

[2] In **Alleyne**, the United States Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime that must be submitted to the jury. 133 S.Ct. at 2155.

three reasons. First, **Alleyne** is inapplicable because Hernandez was not sentenced to a mandatory minimum. Second, **Alleyne** does not apply retroactively to cases in which the judgment of sentence has become final. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Third, even if **Alleyne** created a new constitutional right, Hernandez's petition was still untimely because he did not file it within sixty days of the **Alleyne** decision. **See** 42 Pa.C.S.A. § 9545(b)(2).

Hernandez has filed a patently untimely PCRA petition that does not come within any of the exceptions to the time bar. Accordingly, neither the PCRA court nor this Court has jurisdiction to consider his request for relief.

Order affirmed. Motion denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/25/2016</u>