J-S59020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HISHAMU CURRY, | |
| Appellant | No. 3531 EDA 2015 |

Appeal from the PCRA Order of November 4, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-0000637-2011

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED October 5, 2016**

Appellant, Hishamu Curry, appeals from the order entered on November 4, 2015, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] was found guilty after a jury trial of robbery (3 counts), attempted criminal homicide, aggravated assault (two counts), and criminal conspiracy to commit robbery. [A]ppellant and two confederates, Isaah Sampson and Edward Maye, robbed the KNBT Bank in Emmaus at gunpoint.  During the robbery, Edward Maye assaulted the assistant manager of the bank with a firearm, and in their flight to avoid apprehension, Isaah Sampson fired his weapon multiple times at Officer Bryfogle of the Emmaus Police Department.  Multiple bullets struck Officer Bryfogle's cruiser, but he escaped uninjured.

*                *                *

*Former Justice specially assigned to the Superior Court.

At the conclusion of [a] sentencing hearing, [A]ppellant received a total sentence of not less than thirty (30) years nor more than sixty (60) years in a state correctional institution.

\*          \*          \*

On October 4, 2013, the judgment of sentence was affirmed by [this] Court.  A petition for allowance of appeal was denied by the Supreme Court on April 4, 2014.  On July 10, 2014, [A]ppellant filed a *pro se* [PCRA] petition.  Attorney Robert Long was appointed to represent [A]ppellant and filed an amended PCRA petition on May 8, 2015.

A PCRA hearing was held on August 24, 2015.  On November 4, 2015, [A]ppellant's PCRA petition was denied. A notice of appeal was filed on November 24, 2015. Thereafter, [the PCRA court] directed [A]ppellant to comply with Pa.R.A.P. 1925(b) and [he did so] on December 1, 2015[.]  [The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 4, 2015.]

PCRA Court Opinion, 11/4/2015, at 1-3 (superfluous capitalization and footnotes omitted).

On appeal, Appellant presents the following issues for our review:

Did the [PCRA] court err in finding that [trial] counsel was not ineffective for:

(A)   Failing to investigate and or call alibi witnesses;

(B)   Coerc[ing] [Appellant] into unknowingly and involuntarily waiving his right to testify, specifically because he had an alibi;

(C)   Fail[ing] to review or discuss discovery with [Appellant];

(D)   Fail[ing] to investigate the subscriber information on the Sanyo [cellular telephone];

- 2 -

> (E)    Failing to discuss and get the agreement of [Appellant] to stipulate to Trooper Tempinski's report;
>
> (F)    Failing to raise the issue in post sentence motions that the verdict was against the weight of the evidence.

Appellant's Brief at 4 (complete capitalization omitted).

All of Appellant's issues allege that trial counsel was ineffective and we will examine them together. In his first sub-issue, Appellant asserts trial counsel was ineffective for failing "to investigate and/or call […] Barbara Johnson and Carisma Curry [as] potential alibi witnesses." *Id.* at 8. Next, Appellant posits that trial counsel "coerced [him] into not testifying by telling him he would be convicted if he did so[,]" which, in turn, "prevented [Appellant] from establishing the viable defense of alibi." *Id.* at 9. In his third sub-issue, Appellant contends that trial counsel was ineffective for failing to review or discuss discovery with him. *Id.* In his next issue presented, Appellant maintains that, despite his trial counsel's testimony at the PCRA hearing that Appellant claimed ownership of a Sanyo cellular telephone recovered near him at the time of his arrest, trial counsel was ineffective for failing to "investigate the subscriber information to the phone." *Id.* at 10. In sub-issue (E), Appellant argues trial counsel was ineffective for stipulating to the entry of a police report into evidence, because Appellant had a constitutional right to confront witnesses against him. *Id.* at 9-10. In his final contention, Appellant avers that trial counsel rendered ineffective assistance by failing to file a post-sentence motion alleging that the verdict was against the weight of the evidence. *Id.* at 11-

12. More specifically, Appellant argues that a customer, four bank tellers, and three police officers could not identify him at trial. *Id.*

In reviewing the denial of PCRA relief,

> we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (internal citations and quotations omitted).

To plead and prove ineffective assistance of counsel, a petitioner must establish:

> (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. The failure to meet any of these aspects of the ineffectiveness test results in the claim failing.
>
> Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination. In considering whether counsel acted reasonably, we look to whether no competent counsel would have chosen that action or inaction, or, [whether] the alternative [course of conduct], not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken. Lastly, prejudice exists where there is a reasonable probability that, but for counsel's errors, the

result of the proceeding would have been different. This probability is sufficient when it undermines confidence in the outcome of the proceeding. Counsel is presumed to have rendered constitutionally effective representation.

*Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (internal citations and quotations omitted).

In this case, Appellant and trial counsel testified at the PCRA hearing. The PCRA court found trial counsel's testimony more credible. As there is evidentiary support for this assessment, we will not usurp that determination.

With regard to the claims that counsel was ineffective for failing to investigate alibi witnesses, coercing Appellant into not testifying, and not procuring the records for the Sanyo cellular telephone found near Appellant at the time of his arrest, the PCRA court determined that there was no merit to these claims. More specifically, the PCRA court found that, prior to trial, Appellant admitted to his trial attorney he committed the crimes and owned the cellular telephone. Thus, there were no alibi witnesses to investigate and it would have been futile to acquire the cellular telephone subscriber records. Moreover, Appellant did not present any evidence that trial counsel interfered with his right to testify and the trial court's colloquy regarding such right "demonstrated just the opposite." PCRA Court Opinion, 11/4/2015, at 7. Upon review, we agree. There is no merit to these claims.

Next, the PCRA court determined that trial counsel had a reasonable strategy in stipulating to the entry of a firearm expert's report into evidence. The PCRA court found the stipulation was reasonable, because there was no

evidence that Appellant possessed the firearms and Appellant's defense at trial was that he was not present for the robbery. The PCRA court noted, "[i]t would have been foolhardy to contest the firearms evidence or [argue] that the bullets recovered were not fired [] from the recovered firearms." *Id.* at 9 (footnote omitted). We agree with the PCRA court's assessment. There was no reasonable strategy that called for confronting the author of the firearm report.

In addition to the PCRA court's assessment, we note that Appellant failed to establish prejudice regarding his issues pertaining to cellular telephone records, discovery, or stipulating to the firearm expert's report. Appellant does not point to evidence that would have been helpful to his defense or changed the outcome of trial.

Finally, we examine Appellant's claim that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence. Regarding a weight of the evidence claim:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a difference conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013) (internal quotations and citations omitted).

Initially, we note that on October 4, 2013, we affirmed Appellant's judgment of sentence by judgment order based on the trial court's opinion. *See Commonwealth v. Curry*, 2013 WL 11253394 (Pa. Super. 2013) (unpublished). Our Supreme Court denied further review. *See Commonwealth v. Curry*, 87 A.3d 874 (Pa. 2014). Upon review of the trial court's decision, we reject Appellant's suggestion that the verdict was against the weight of the evidence because witnesses in the bank, at the time of the robbery, could not identify Appellant. The robbers were all masked during the commission of the crime. Police pursued the men as they escaped in a vehicle. All three men, however, eventually fled from the vehicle and ran in different directions. Police eventually cornered Appellant driving another vehicle. When police removed Appellant from that vehicle, the Sanyo cellular telephone flew out of his lap or a pocket. Police had to use force to handcuff and arrest Appellant. When Appellant finally relented, he admitted to police that they caught him. At trial, the Commonwealth presented 395 text messages from the recovered Sanyo cellular telephone to show communications between all three conspirators in the planning of, and subsequent flight from, the robbery. In his defense at trial and on direct appeal, Appellant argued that the Commonwealth did not properly authenticate the text messages before the trial court entered them into

evidence. The trial court ultimately concluded, "[A]ppellant's possession of the Sanyo cell[ular] [tele]phone, the exchange of text messages between [A]ppellant and cell[ular] [tele]phones either seized from a conspirator or the getaway car, and the substance of the text messages, all provide[d] the threshold necessary for authentication." Trial Court Opinion, 11/29/2012, at 12.

In denying relief on Appellant's weight of the evidence in the context of an ineffective assistance of counsel claim, the PCRA court concluded the claim was meritless:

> It is highly unlikely that anyone would be shocked by the verdict in this case. Counsel's opinion was that "a weight of the evidence claim had zero chance of going forward." As a result, he pursued the authentication issue, which in light of [prevailing law], was more likely to prevail. In other words, he engaged in the "process of 'winnowing out weaker arguments on appeal.'"

PCRA Court Opinion, 11/4/2015, at 11 (footnotes and citations omitted).

We agree that there was no merit and discern no abuse of discretion in denying Appellant's ineffective assistance of counsel claim regarding the weight of the evidence. Moreover, we recognize that the PCRA judge also presided over the jury trial in this matter. Because he found that a weight of the evidence claim would not have prevailed, Appellant has failed to demonstrate that he was prejudiced or that the outcome of his trial would have been different if this claim were raised. Hence, we conclude Appellant's final contention fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2016