J-S73028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAY THOMAS SHUMAKER | |
| Appellant | No. 360 WDA 2016 |

Appeal from the PCRA Order February 18, 2016
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000113-1999,
CP-03-CR-0000114-1999, CP-03-0000115-1999,
CP-03-CR-0000116-1999, CP-03-CR-0000117-1999,
CP-03-CR-0000118-1999, CP-03-CR-0000709-1998

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 24, 2016**

Jay Thomas Shumaker appeals *pro se* from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.[2]

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Shumaker pled guilty to involuntary deviate sexual intercourse and aggravated indecent assault at CP-03-CR-0000709-1998; aggravated indecent assault at CP-03-CR-0000118-1999; involuntary deviate sexual intercourse at CP-03-CR-0000117-1999; intimidation of witnesses or victims at CP-03-CR-0000116-1999; sexual assault and intimidation of witnesses or victims at CP-03-CR-0000115-1999; rape at CP-03-CR-0000114-1999; aggravated indecent assault at CP-03-CR-0000113-1999. He was sentenced on all cases to an aggregate sentence of 29½-59 years' imprisonment.

Instantly, the trial court notes that, in response to Shumaker's notice of appeal, on March 9, 2016, it ordered him to file a Pa.R.A.P. 1925(b) concise statement of the errors complained of on appeal within 21 days. Because Shumaker did not comply with that directive, the court deemed all issues waived on appeal. *See* Pa.R.A.P. 1925(b)(3)(iv). However, even if we were to reach the merits of Shumaker's claim on appeal, he would not be entitled to relief.

Shumaker asserts that his sentence is illegal under the dictates of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), because the court applied an unconstitutional mandatory minimum statute to his sentence, 42 Pa.C.S. § 9718. However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction[.]") (citation omitted). Here, Shumaker's PCRA petition, his fourth, was patently untimely[3] and he did not plead or prove any exception to the PCRA time bar provisions. *See* 42 Pa.C.S. § 9545(b)(3), (b)(1). Accordingly, the court

---

[3] Shumaker filed the instant petition on January 8, 2016. His judgment of sentence became final on October 15, 1999, when the time expired for him to file a direct appeal. Therefore, Shumaker had until October 15, 2000, to file a timely PCRA petition. Because Shumaker's petition was filed more than fifteen years later, it is facially untimely. 42 Pa.C.S. § 9545(b).

properly denied Shumaker's petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014) (where PCRA court lacks jurisdiction over untimely PCRA petition and no timeliness exception proven, no relief due illegal sentence claim based on unconstitutional mandatory minimum under **Alleyne**).[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016

---

[4] **See also Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016) (**Alleyne** does not apply retroactively to cases pending on collateral review).