J-S07022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                            :             PENNSYLVANIA
                            :

          v.                     :
                            :
                            :

RUSSELL CHRUPALYK            :
                            :
          Appellant        :    No. 440 EDA 2017

Appeal from the PCRA Order January 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0302471-2004,
CP-51-CR-0302491-2004

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.         **FILED AUGUST 21, 2018**

Russell Chrupalyk appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court accurately summarized the history of this case. *See* Trial Court Opinion, filed 4/13/17, at 1-4. Therefore, a detailed recitation of the factual and procedural history is unnecessary.

Briefly, on October 21, 2005, Appellant was convicted of two counts each of first-degree murder, criminal solicitation, and criminal conspiracy. This Court affirmed his judgment of sentence, and following the Pennsylvania Supreme Court's denial of an allowance of appeal, Appellant's judgment of sentence became final on January 16, 2009.

Appellant filed his first *pro se* PCRA petition on February 10, 2011. While Appellant acknowledged his petition was untimely, he asserted he met the after-discovered facts exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), to the PCRA time-bar. Specifically, Appellant claimed he was mentally incompetent during the relevant PCRA filing period, and therefore, pursuant to **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004), satisfied the requirements of § 9545(b)(1)(ii). Despite this claim, the PCRA court denied Appellant's petition without a hearing.

Following an appeal, a panel of this Court determined that the PCRA court lacked the necessary factual record to determine if Appellant was incompetent during the relevant PCRA filing period. **See Commonwealth v. Chrupalyk**, 1686 EDA 2012, at 6 (Pa. Super., filed April 4, 2013) (unpublished memorandum). Therefore, the case was remanded to the PCRA court to give Appellant the "opportunity to attempt to prove that he was incompetent at the relevant times and that that incompetence qualifies under the after-discovered evidence exception to the PCRA time-bar." **Id**. (citing **Cruz**, 852 A.2d at 297).

On remand, the PCRA court held a hearing. Appellant presented the testimony of Dr. Frank M. Dattilio, P.D., ABPP. Dr. Dattilio testified that Appellant suffered from paranoid schizophrenia. However, following the hearing, the PCRA court once again denied Appellant's PCRA petition as untimely, finding that Appellant failed to prove his paranoid schizophrenia rendered him incompetent during the relevant times. This appeal follows.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

On appeal, Appellant contends that he proved his incompetence during the relevant time-period through the testimony of Dr. Dattilio. Therefore, Appellant asserts he has met the after-discovered facts exception to the PCRA time bar, entitling him to review of his underlying PCRA issues.

The PCRA court, in its April 13, 2017 opinion, has methodically reviewed this claim and disposed of Appellant's argument on the merits. We have reviewed the parties' briefs, the relevant law, the certified record, and the well-written opinion of the Honorable Shelia Woods-Skipper. Judge Woods-Skipper's opinion comprehensively disposes of Appellant's argument with appropriate references to the record and without legal error. Accordingly, we affirm the PCRA court's order based on Judge Woods-Skipper's opinion filed April 13, 2017.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/18

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**



FILED

APR 1·3 20**17**

Criminal Appeals Unit
First Judicial District of PA

COMMONWEALTH OF PENNSYLVANIA    :

                                :

V.                        :

                                :

CP-51-CR-0302471-2004
CP-51-CR-0302491-2004

RUSSELL CHRUPALYK            :     PCRA Appeal
PP # 784288

Appeal No. 440 EDA 2017

OPINION POST REMAND

CP-51-CR-0302471-2004 Comm v Chrupalyk, Russell
Opinion

7933594011

Appellant, Russell Chrupalyk, appeals the May 25, 2012 dismissal of his

petition for post-conviction relief pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa. C.S. §§ 9541 – 9546, et seq. (PCRA). A summary of the facts and

procedural history is as follows.

On October 21, 2005, following a jury trial, appellant was convicted of

two counts each of first degree murder, criminal solicitation and conspiracy for

the murder of Christopher Jastrzebski and Fernando Rodriguez, and sentenced

to two consecutive terms of life imprisonment.[1] Appellant timely filed a direct

appeal complaining that the verdicts were against the weight and sufficiency of

the evidence, that the Court committed numerous evidentiary errors, and that

the prosecutor engaged in several instances of misconduct. On April 29, 2008,

---

[1] 18 Pa.C.S. § 2502, 18, Pa.C.S.§ 902, 18 Pa.C.S. § 903. In addition to the life sentence,
appellant received 5-10 years for conspiracy and 5-10 years for criminal solicitation on each
conviction, to run concurrently with each life sentence. Appellant was tried along with two co-
defendants.

1

the Superior Court affirmed the judgment of sentence (3171 EDA 2005). Appellant's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on October 16, 2008 (292 EAL 2008). Accordingly, appellant's judgment of sentence became final on or about January 16, 2009, and he had until January 16, 2010 to file a timely PCRA petition.

On February 10, 2011, appellant filed a first pro se petition for PCRA relief complaining that trial counsel was ineffective for failing to make the Court aware that he was incompetent at the time of trial. Appellant acknowledged that his petition was untimely, but claimed that his petition should be considered timely because he was mentally incompetent throughout the period during which his right to file a petition for collateral relief lapsed. PCRA counsel was appointed and, on March 29, 2012, counsel filed a Finley letter indicating that appellant's petition was untimely and that, even if not untimely, the issues raised in the pro se petition were without arguable merit and there were no other issues of arguable merit which could be raised in an amended petition. On April 13, 2012, a Rule 907 Notice was filed and served on appellant indicating that, after twenty days his petition would be dismissed without further proceedings because it was untimely. Appellant responded to the 907 Notice, reiterating his claim that he was mentally incompetent and unable to file a timely PCRA. The Court thoroughly reviewed appellant's claims and response to the 907 Notice, counsel's submissions and the applicable law, and determined that the petition was untimely and failed to properly invoke an exception to the timeliness requirement. On May 25, 2012, appellant's petition

2

was formally dismissed and counsel was permitted to withdraw. By order dated April 4, 2013, the Superior Court vacated the dismissal and remanded appellant's case with instructions to develop a factual record in order to afford [appellant] the opportunity to attempt to prove that he was mentally incompetent at the relevant times and that that incompetence qualifies under the after-discovered evidence exception the PCRA time bar.

On November 4, 2016, the Court conducted an evidentiary hearing as ordered by the Superior Court. Appellant presented clinical and forensic psychologist, Dr. Frank M. Dattilio Ph.D., ABPP, whose forensic expertise was predominantly in the area of criminal responsibility, competency matters, juvenile decertification and waiver. Dr. Dattilio also performed independent evaluations for both the prosecution and defense. Dr. Dattilio testified that, he examined appellant on March 24, 2014, and based upon the records he reviewed and the results of the tests he administered, appellant suffered from paranoid schizophrenia, a chronic condition that tends to wax and wane and can be affected by medication, in addition to limited intellectual functioning. The hallmark of appellant's disorder is that the person is lucid at times and not at other times. The doctor noted that the psychiatry progress notes indicated that appellant's condition began to deteriorate in 2010. Dr. Dattilio testified further that appellant's condition had a profound effect on his ability to knowingly and intelligently remain focused enough to file a PCRA or to work effectively with his attorney, and that he could relate appellant's state of mind, to a reasonable degree of psychological or psychiatric certainty, to the time

3

during which appellant should have filed a PCRA because there was clear indication in the records that appellant really began to experience symptoms that got worse in 2010.

On cross-examination Dr. Dattilio acknowledged that an individual with the kind of illness appellant suffers (schizophrenia) could be in remission for as long as a year depending upon whether he is medicated, free of stressors, occupationally involved or in a safe environment. He also acknowledged that the psychiatric progress notes he reviewed indicated that, in March 2008 appellant was placed on antipsychotic medication. The next psychiatric progress note entry was in September of 2009 indicating that appellant was hearing voices telling him not to talk to his cellmate. Appellant was admitted to an inpatient unit from September 22, 2009 until September 25, 2009, then returned to general population and medications were not changed. There was no psychiatric progress notes between 3/2008 and 9/2009, and the next entry indicating that appellant began having psychiatric concerns was in October 2010. Dr. Dattilio conceded that there were certainly periods of time when appellant was lucid enough to file his legal papers, but based upon the records he reviewed, he could only infer the periods of time when appellant may not have been lucid. After presentation of all of the evidence, the Court reviewed the notes of testimony and the applicable law, and concluded that appellant was not entitled to PCRA relief. His petition was formally dismissed. This appeal followed.

4

On appeal from the denial of PCRA relief, the standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Medina, 2014 PA Super 108, 92 A.3d 1210, 1214 (2014). The timeliness of a PCRA petition implicates the jurisdiction of the PCRA court as Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. Id. A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. Commonwealth v. Brown, 2015 PA Super 24, 111 A.3d 171, 175 (2015) citing 42 Pa.C.S.A. § 9545(b)(1). An untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. Commonwealth v. Miller, 2014 PA Super 214, 102 A.3d 988, 993 (2014).[2]

Appellant's petition, filed February 10, 2011, was untimely on its face. Appellant acknowledged that the petition was untimely, but claimed that he was mentally incompetent during the time period when the PCRA petition would have been timely. The general rule is that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's

---

[2] To invoke an exception, a petition must allege and the petitioner must prove: (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2)

jurisdictional time requirements. Commonwealth v. Monaco, 996 A.2d 1076, 1081 (2010). However, mental incompetence at the relevant times, if proven, **may** (emphasis in original) satisfy the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii), thereby permitting the claims defaulted by operation of that incompetence to be addressed. Commonwealth v. Cruz, 578 Pa. 325, 327-328 (2004). As indicated above, appellant had from January 16, 2009, until January 16, 2010 to file a timely PCRA petition. The instant petition was filed on February 10, 2011, a full year after the expiration of the statutory period. Therefore, to be successful on his claim, appellant must demonstrate that he was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed and that his current petition was timely filed within 60 days of his becoming sufficiently competent to ascertain the facts upon which his underlying claims are predicated. Id. Appellant has not met this burden.

At the evidentiary hearing, Dr. Dattilio testified that the hallmark of appellant's condition, schizophrenia, is that it is chronic, could go into remission for as long as one year, and is affected by his medication. (N.T. 11/04/16 pg. 33, 61) The psychiatric notes introduced at the hearing indicated that appellant was given antipsychotic medication in March of 2008. Between March 2008, and September 22, 2009, there was no record of mental health concerns for appellant. In September 2009, appellant complained of hearing voices, was given inpatient treatment for three days, then returned to the general prison population. The next record of psychotic behavior occurred in

October 2010. (N.T. 11/4/16 pg. 118, 121-124) Based upon the information available to him, Dr. Dattilio could only ascertain the times that appellant was likely not lucid. (N.T. 11/4/16 pg. 126-127) Therefore, appellant has not demonstrated that he was mentally incompetent and remained incompetent throughout the period during which his right to file a PCRA petition lapsed. As such, he is unable to satisfy the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, appellant's petition is untimely.

For the foregoing reasons, appellant's petition for PCRA relief was properly denied.

BY THE COURT:

_____
SHEILA WOODS-SKIPPER, PJ

7