J-S24041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH EVANS CROSSAN | |
| Appellant | No. 1864 MDA 2015 |

Appeal from the Order Entered September 10, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003321-2009

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 06, 2016**

Appellant, Joseph Evans Crossan, appeals from the order entered in the Lancaster County Court of Common Pleas, which denied his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On March 10, 2010, a jury convicted Appellant of involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, indecent assault—complainant less than 13 years of age, and corruption of minors.  The court sentenced Appellant on June 15, 2010, to an aggregate term of 50-100 years' imprisonment.  Appellant's sentence included mandatory minimums per 42 Pa.C.S.A. § 9718.2(a)(1) (providing for mandatory minimum 25-year sentence for defendant convicted of sexual offense, if at time of commission of current offense, defendant had previously been convicted of sexual offense).  This Court affirmed, and our

Supreme Court denied allowance of appeal on September 28, 2011. ***See***

***Commonwealth v. Crossan***, 26 A.3d 1202 (Pa.Super. 2011), *appeal*

*denied*, 612 Pa. 696, 30 A.3d 487 (2011).

Appellant timely filed his first PCRA petition *pro se* on June 19, 2012.

Counsel was appointed, and the PCRA court issued Rule 907 notice. On

October 19, 2012, the PCRA court dismissed Appellant's petition. This Court

dismissed the appeal, and our Supreme Court denied allowance of appeal.

***See Commonwealth v. Crossan***, 623 Pa. 760, 83 A.3d 413 (2014).

Appellant subsequently filed several unsuccessful PCRA petitions. On August

26, 2015, Appellant filed the current *pro se* "petition for writ of *habeas*

*corpus ad subjiciendum*," which the court treated as a PCRA petition. The

PCRA court denied Appellant's petition on September 10, 2015, and

Appellant timely filed a *pro se* notice of appeal. Appellant timely complied

with the PCRA court's Rule 1925(b) order, and the Commonwealth

responded to Appellant's *pro se* Rule 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite.

***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert.*

*denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA

petition must be filed within one year of the date the underlying judgment

becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at

the conclusion of direct review or at the expiration of time for seeking

review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the

timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Instantly, Appellant's judgment of sentence became final on December 27, 2011. Appellant filed his current petition on August 26, 2015, more than 3 years later; thus, the petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke Section 9545(b)(1)(iii), contending his sentence is unconstitutional pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (decided 6/17/13) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). Even if Appellant had complied with the 60-day rule, however, **Alleyne** does not affect mandatory minimum sentences based on a prior conviction. **See** **id.** at ___ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ___ n.1. **See also** **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (stating **Alleyne**

provides no relief where increase in minimum sentence is based on prior conviction). Accordingly, the PCRA court properly denied Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2016