J-S72011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE J. HOPKINS | |
| Appellant | No. 2277 MDA 2015 |

Appeal from the PCRA Order December 10, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004161-2005

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 25, 2016**

Appellant, George J. Hopkins, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On October 11, 2006, a jury convicted Appellant of two counts of aggravated assault and one count each of firearms not to be carried without a license, persons not to possess firearms, REAP, and false identification to law enforcement authorities.  On December 20, 2006, the court sentenced Appellant to an aggregate term of 150-360 months' imprisonment, which allegedly included a mandatory minimum sentence. This Court affirmed the judgment of sentence on November 30, 2007, and Appellant did not seek further review with our Supreme Court.  ***See***

_____

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Hopkins***, 944 A.2d 793 (Pa.Super. 2007).

Appellant filed his first PCRA petition on January 2, 2008, which the PCRA court denied on October 2, 2008. On July 16, 2015, Appellant filed the current *pro se* PCRA petition. The PCRA court issued Rule 907 notice on December 10, 2015, and dismissed the petition as untimely on December 31, 2015. Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply

retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on December 30, 2007, upon expiration of the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113. Appellant filed his current petition on July 16, 2015, over seven years later; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing the U.S. Supreme Court's decision in *Alleyne v. U.S.*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and the Pennsylvania Supreme Court's decision in *Commonwealth v. Hopkins*, ___ Pa. ___, 117 A.3d 247 (2015). Neither the U.S. Supreme Court nor the Pennsylvania Supreme Court, however, has held that *Alleyne* or its progeny apply retroactively on collateral review. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding that even if *Alleyne* announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that *Alleyne* applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). *See also Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge to mandatory minimum sentence as "illegal"). Therefore, Appellant's petition remains time barred,

and the PCRA court lacked jurisdiction to review it.  *See Hackett, supra*.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2016