J-S85004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM C. SANDERS | |
| Appellant | No. 3545 EDA 2015 |

Appeal from the PCRA Order November 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0612601-2003
CP-51-CR-0613251-2003
CP-51-CR-0613281-2003

BEFORE: PANELLA, J., RANSOM, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.         **FILED DECEMBER 27, 2016**

Appellant, William C. Sanders, appeals *pro se* from the order dismissing, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Sanders contends that the PCRA court erred in concluding that it did not have jurisdiction to entertain his claim that he is serving an illegal mandatory minimum sentence pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). After careful review, we conclude that not only does ***Alleyne*** provide no jurisdiction, but further that Sanders is not serving a mandatory minimum sentence. We therefore affirm.

On December 21, 2004, Sanders was sentenced to an aggregate term of imprisonment of 25 to 50 years based upon three convictions each of robbery and criminal conspiracy. This Court affirmed the judgment of

sentence, and the Supreme Court of Pennsylvania denied allowance of appeal on September 14, 2006.

Sanders filed a first, timely PCRA petition and counsel was appointed to represent him. Counsel was permitted to withdraw, and the petition was subsequently dismissed. Sanders did not appeal from the dismissal.

Sanders filed the instant petition, his second, on October 9, 2014, asserting that his sentence was illegal under *Alleyne*. After the PCRA court provided notice of its intent to dismiss the petition, Sanders filed a response, and the PCRA court ultimately dismissed the petition as time-barred. This timely appeal followed.

On appeal, Sanders argues that his sentence is illegal under *Alleyne*. However, he does not identify the statute which applied to the sentence imposed. Furthermore, as the PCRA court notes in its opinion on appeal, the record reveals that Sanders did not receive a mandatory minimum sentence on any charge.

Regardless of the accuracy of Sander's assertion, a claim that a petitioner is serving a sentence that is illegal under *Alleyne* is incapable of establishing jurisdiction for an otherwise untimely claim under the PCRA. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Sanders's current PCRA petition was filed over 8 years after his judgment of sentence became final, and is therefore patently untimely. *See* 42 Pa.C.S.A.

§ 9545(b)(1). We therefore conclude that the PCRA court correctly dismissed the petition and affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016