J-S50012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ESAU BURROUGHS | |
| Appellant | No. 2128 EDA 2016 |

Appeal from the PCRA Order June 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0820511-1985

BEFORE: PANELLA, J., MOULTON, J., and RANSOM, J.

JUDGMENT ORDER BY PANELLA, J.            **FILED OCTOBER 13, 2017**

Appellant, Esau Burroughs, was sentenced to life imprisonment after a jury convicted him of first-degree murder in 1985. In 2012, Burroughs filed the instant Post Conviction Relief Act ("PCRA") petition and amended it twice thereafter. The PCRA court dismissed the petition as untimely. On appeal, Burroughs contends that his amended petition was timely, as he claims *Alleyne v. United States*, 133 S.Ct. 2151 (2013), renders his sentence illegal. After careful review, we affirm.

Burroughs filed the instant petition, his third, on August 12, 2012. In it, he claimed that he was entitled to re-sentencing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012) (ruling imposition of mandatory life without

parole sentences on juvenile offenders is unconstitutional).[1] He subsequently filed two writs of *habeas corpus*, one on July 7, 2015 and one on February 16, 2016, which the PCRA court treated as amendments to the August 12, 2012 petition.[2] In these two amendments, Burroughs argued that the trial court had imposed a mandatory minimum sentence for his first-degree murder conviction, and this mandatory sentence was illegal under **Alleyne**.

On appeal, Burroughs does not argue that he was entitled to relief pursuant to **Miller**. Any such claim is therefore waived. Burroughs now focuses his claim upon **Alleyne**. He argues his claim cannot be waived as he is alleging the existence of an illegal sentence. This argument has been repeatedly rejected. **See**, **e.g.**, **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

Even assuming that Burroughs is attempting to argue that **Alleyne** satisfies the newly recognized constitutional right exception enshrined in 42 Pa.C.S.A. § 9545(b)(1)(iii), he is due no relief. Our Supreme Court has held that "**Alleyne** does not apply retroactively to cases pending on collateral review…." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

---

[1] Burroughs does not dispute that he was over the age of 18 at the time he committed the murder for which he was convicted. **See** PCRA Petition, 8/12/12, at 3.

[2] Burroughs does not challenge this treatment on appeal.

Finally, the record belies Burroughs's contention that he received a mandatory minimum sentence based upon facts not presented to the jury. He received a sentence of life imprisonment without the possibility of parole based upon the jury's verdict that he committed first-degree murder. This sentence was a mandatory minimum sentence, but it did not require any judicial fact-finding. As such, even if we addressed Burrough's claim on the merits, he would be due no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017