J-S04024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES ALBERT TRIMMER, JR. | : | |
| | : | |
| Appellant | : | No. 1498 MDA 2017 |

Appeal from the PCRA Order September 5, 2017
In the Court of Common Pleas of Mifflin County Criminal Division at No(s):
CP-44-CR-0000461-2010

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 25, 2018**

Appellant, Charles Albert Trimmer, Jr., appeals from the September 5, 2017 Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On July 31, 2010, Appellant shot and killed Darren Parys.  Appellant claimed that Parys attacked him with pepper spray while Appellant was operating a backhoe on Appellant's property in rural Mifflin County. Appellant alleged that he feared for his life and, in his incapacitated state, fired his 12-gauge shotgun.

On September 27, 2010, the Commonwealth filed a Criminal Information charging Appellant with Criminal Homicide.[1]

---

[1] 18 Pa.C.S. § 2501(a).

Appellant, represented by Attorney Brian Perry, asserted at trial that he shot Parys in self-defense. Relevant to the instant appeal, the Commonwealth presented the testimony of Dr. Gordon Carl Handte, a forensic pathologist. Dr. Handte testified that the decedent sustained one gunshot wound to his back and one to his neck. N.T., 9/12/11, at 185. Dr. Handte opined that "[b]ecause of the large amount of hemorrhage associated with the wound to the back, that [injury] occurred first while [Parys] was still alive[.]" *Id.* at 187. Dr. Handte testified in great detail about the extensiveness of the injuries caused to the victim by the gunshot wound to his back. *Id.* at 188-93. He concluded that Parys could not have survived this first gunshot wound. *Id.* at 193.

Dr. Handte further testified that, based upon the absence of blood from the tissue around the neck wound he "cannot be certain that [Parys] was absolutely still alive and viable[]" at the time of the second shot to the victim's neck. *Id.* at 198. Dr. Handte testified that the immediate cause of death was exsanguinating hemorrhaging of the chest. *Id.* at 203. Dr. Handte listed focal hemorrhage of the abdomen and shotgun wound of neck as first and second contributory factors, respectively. *Id.*

When asked by the Commonwealth whether he had an opinion as to how far from the victim Appellant had been when he shot him in the neck, Dr. Handte testified that, although it was difficult to make an exact determination, "it would be very close. One, two, three feet . . . ." *Id.* at 202. Dr. Handte also testified that the decedent's neck wound could "be

- 2 -

consistent with a man standing over him to his left side aiming at him downward to his throat." *Id.* Appellant's counsel did not object to Dr. Handte's testimony.

The jury rejected Appellant's self-defense justification and convicted him of First-Degree Murder. The trial court sentenced Appellant to life imprisonment. On October 11, 2011, Appellant filed a direct appeal from his Judgment of Sentence challenging the sufficiency of the Commonwealth's evidence. This Court affirmed on September 14, 2012. *See Commonwealth v. Trimmer*, No. 1793 MDA 2011 (Pa. Super. filed September 14, 2012) (unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal with our Supreme Court. His Judgment of Sentence, thus, became final on October 15, 2012.[2]

Appellant filed the instant PCRA Petition on October 10, 2013, and a supplemental PCRA Petition on August 8, 2014. In his Petition, Appellant claimed that his trial counsel was ineffective for, *inter alia*, failing to "object to the pathologist's testimony regarding the shotgun pellets' trajectory and

---

[2] *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); U.S.Sup.Ct.R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *Commonwealth v. Miller*, 102 A.3d 988, 993 (Pa. Super. 2014). The 30th day after the conclusion of the direct review period fell on Sunday, October 14, 2012.

wound placement, and general ballistics testimony." Supplemental PCRA Petition, 8/8/14, at 14. Appellant asserted "[n]o reasonable attorney would have allowed a witness who was being presented to the jury as an expert in the limited area of pathology to [ ] provide an expert opinion on another, integral area of the case in which the witness was **not** qualified to provide testimony." *Id.* at 15 (emphasis in original).

The PCRA court held a hearing on Appellant's Petition on April 3, 2017.[3] On September 5, 2017, the court denied Appellant's Petition, concluding that Appellant did not suffer prejudice as a result of his counsel's failure to object to the scope of Dr. Handte's testimony. This timely appeal followed. Appellant complied with the PCRA court's Order to file a Pa.R.A.P. 1925(b) Statement. The court did not file a separate Pa.R.A.P. 1925(a) Opinion.

Appellant raises the following issue on appeal:

Whether in a First Degree Murder Trial, [c]ounsel's failure to object to opinion testimony offered by the Commonwealth's [p]athologist which exceeded the scope of his expertise (and went to the ultimate issue) was ineffective assistance of counsel?

Appellant's Brief at 2.

_____

[3] In the interim, the PCRA judge recused himself; Appellant's counsel filed a Motion to Transfer Evidence for Expert Testing and a Motion for Funds for Experts, both of which the PCRA court granted; Appellant's counsel sought leave to withdraw, which the court granted, and appointed new counsel; Appellant's new counsel filed a Motion for Turnover of Firearm Examiner's Bench Notes and Mossberg Shotgun to [Appellant's Expert], which the court granted.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Appellant alleges that his trial counsel provided ineffective assistance. To obtain PCRA relief on that basis, a petitioner must prove by a preponderance of the evidence that the conviction resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. **Commonwealth v. Williams**, 732 A.2d 1167, 1177 (Pa. 1999).

In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel resulted in the appellant suffering prejudice. **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). To establish the prejudice prong, the petitioner must show that there is a

reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. *Commonwealth v. Rollins*, 738 A.2d 435, 441 (Pa. 1999). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

Here, the PCRA court concluded that Appellant had raised a claim of arguable merit, and that his trial counsel's performance lacked a reasonable basis. *See* PCRA Ct. Op., 9/5/17, at 3-4. However, the court also concluded that Appellant had not demonstrated that there is a reasonable probability that the outcome of the trial would have been different if his counsel had objected. *Id.* The court found that defense counsel's cross-examination of Dr. Handte "was sufficient to cast doubt on the Commonwealth's theory[.]" *Id.* The court explained its rationale as follows:

> After Dr. Handte testified as to the distance of [Appellant's] gun in relation to the victim's neck wound, he was cross[-]examined by Attorney Perry. During cross[-]examination, Attorney Perry elicited from Dr. Handte that it was possible that the distance between [Appellant] and [the] victim during the encounter was closer than previously stated, that it was possible for the victim to turn and approach [Appellant] for several seconds following the first shot before his drop in blood pressure would have caused incapacitation, that there was no wad or hole found in the ground under the victim, and that no gunshot residue was found on the victim's neck. These admissions by Dr. Handte on cross[-]examination are consistent with [Appellant's] theory of self-defense and that the second shot occurred while the victim was still standing.

PCRA Ct. Op. at 5.

We agree with the trial court's conclusion that Appellant failed to demonstrate that there is a reasonable probability that the outcome of Appellant's trial would have been different had trial counsel objected to the scope of Dr. Handte's testimony. The court aptly noted that Attorney Perry elicited testimony from Dr. Handte on cross-examination that could have supported Appellant's self-defense claim.

We also observe that the PCRA court's conclusion that Appellant suffered no prejudice as a result of his counsel's inaction is supported by Dr. Handte's testimony on direct examination that: (1) Appellant shot the victim first in the back and then in the neck; (2) the victim's cause of death was exsanguinating hemorrhaging of the chest caused by the gunshot wound to the back; and (3) it is unlikely that the victim could have survived the gunshot wound to his back. It is unlikely that Dr. Handte's testimony about the particulars of the wound to the victim's neck controlled the outcome of Appellant's trial. For this reason, too, it is improbable that, had Appellant's counsel objected to the scope of Dr. Handte's testimony, the outcome of Appellant's trial would have been different.

Accordingly, we conclude that the record supports the PCRA court's findings and the court did not err in dismissing Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/25/18</u>