J-S54043-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS JAMES BLACK | : | |
| | : | |
| Appellant | : | No. 533 WDA 2018 |

Appeal from the PCRA Order April 30, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001125-2012

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED SEPTEMBER 20, 2018

Thomas James Black (Appellant) appeals pro se from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The Commonwealth charged Appellant with shooting Yolanda Black, his ex-wife (the victim).[1] The case proceeded to a jury trial on September 17, 2012. The victim testified that she went for a ride in Appellant's vehicle because he told her that he would get cash to give her for spousal support. N.T. Trial Day 1, 9/17/12, at 34-36. While Appellant was driving, he told the victim that he would give her money but asked her to write a receipt stating that he gave her $4,000 or $4,500. Id. at 39. The victim refused and

_____

[1] At the time of the incident and at trial, Appellant and the victim's divorce was pending.

Appellant became irritated and started screaming. Id. The victim asked to get out of the car, but Appellant brandished a gun and pointed it at her head. Id. at 40-42. The victim believed Appellant was going to kill her and thus opened the car door with the intention of jumping out. Id. at 42-43. Appellant sped up, and as the victim "started jumping out of the vehicle[, ] he started shooting" and said "B—tch, I kill you, I'm not playing with you now." Id. The victim did not remember anything else until waking up inside Appellant's car in a wooded area. Id. at 44. The victim repeatedly asked Appellant to take her to the hospital, and ultimately he agreed. Id. at 45-46. The victim suffered a gunshot wound to the chest, a concussion, an ankle fracture, and a pelvic fracture. N.T. Trial Day 2, 9/18/12, at 4-5. On cross-examination, the victim denied that she brought the gun along on the drive with Appellant. N.T. Trial Day 1, 9/17/12, at 58.

Appellant did not testify, but presented his mother and sister as witnesses. They testified about Appellant and the victim's unhappy relationship and the victim's attempt to obtain various items in their division of the marital estate.

Appellant also elicited testimony on his cross-examination of investigating detective Dennis Oborski. Detective Oborski testified that after the shooting, Appellant said that the victim called Appellant and demanded money; while Appellant and the victim were driving, they had a "little dispute" and Appellant opened the car door and told the victim to get out; the victim

pulled a gun from her purse, and Appellant grabbed the gun and the gun went off. Id. at 114.

The jury found Appellant guilty of aggravated assault, possession of a firearm by a prohibited person, possession of an instrument of crime, unlawful restraint, recklessly endangering another person, and attempted homicide. On November 26, 2012, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' imprisonment. Appellant filed a timely post-sentence motion, which was denied on December 7, 2012. He did not file a direct appeal.

On January 1, 2014, Appellant filed a counseled, timely, first PCRA petition, citing exculpatory after-discovered evidence[2] in the form of affidavits by two inmates who were incarcerated with him. Pertinently, one of the affiants claimed that that he was following Appellant's vehicle when the incident occurred and saw the victim point a gun at Appellant, get shot in the back, and fall out of the vehicle. The PCRA court denied relief, finding, inter alia, that the affidavit was not exculpatory, but merely corroborative of Appellant's trial theory that he acted in self-defense. Appellant appealed, this Court affirmed, and our Supreme Court denied Appellant's petition for

_____

[2] See 42 Pa.C.S.A. § 9543(a)(2)(vi).

allowance of appeal.[3]    Commonwealth v. Black, 1086 WDA 2015 (unpublished memorandum) (Pa. Super. Jul. 19, 2016), appeal denied, 319 WAL 2016 (Jan. 4, 2017).

On December 8, 2017, Appellant filed the instant pro se PCRA petition, alleging that he obtained an affidavit from "Demarsje Henderson," which was notarized on November 3, 2017.  The affiant stated that he was a young teenager when the shooting occurred, and that now as an adult, he wished to state that he observed the victim point a gun at Appellant, and the gun discharged while Appellant and the victim struggled.  Also, Appellant attached what appears to be an affidavit of probable cause for a search warrant for Appellant's car.  This affidavit of probable cause stated that police officers interviewed Demarsje Henderson at the scene.  Mr. Henderson merely reported that a black female jumped from a vehicle, laid on the ground, and asked for help; a black male exited the vehicle; and Mr. Henderson assisted the black male in placing the female back into the vehicle.[4]

On March 26, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of

_____

[3] Appellant, who was represented by private counsel before the PCRA court, filed a pro se notice of appeal and pro se appellate brief.  Initially, this Court remanded for a determination of whether counsel was permitted to withdraw. Commonwealth v. Black, 715 WDA 2014 (unpublished memorandum) (Pa. Super. Mar. 9, 2015).  On remand, the PCRA court permitted counsel to withdraw and appointed new counsel to represent Appellant.

[4] Appellant attached additional affidavits from other individuals.  However, he makes no reference to these other affidavits on appeal.

intent to dismiss the petition without a hearing. Appellant filed a pro se response. On April 30, 2018, the court dismissed Appellant's petition as untimely filed, finding inter alia, that Appellant failed to show that the new evidence was unknown to him, that he exercised due diligence in obtaining it, and that in any event, it was merely cumulative of evidence already adduced at trial and would be used to attack the victim's credibility. PCRA Court Order, 4/30/18. Appellant filed this timely appeal. The court did not order compliance with Pa.R.A.P. 1925.

Appellant states his four issues as follows:

1. Was the Trial Court in error to claim, with respect moreso to the eyewitness of the offense[s]; that corroborates . . . Appellant's testimony to police years prior to Appellant's obtaining a statement from the under-aged witness whom is now 21 yrs. old, that such evidence is waived for failure to raise them in a timely petition, when such evidence proves Appellant is innocent of the crimes in question and is not used to impeach the credibility of the victim moreso than to be used to corroborate Appellant's testimony to police? [sic]

2. Was the Commonwealth in error to demand that the petition be dismissed as untimely, despite the fact the Commonwealth made reference to the exceptions of both government official interference of a claim that the Commonwealth refused to take the necessary steps, as defense counsel had, to obtain the under-aged eyewitness's testimony, that should have been obtained seeing it was part of the police's investigation which notes that the witness was questioned but such testimony was not introduced; that could not have been ascertained by the Appellant himself [until years letter], and had it been the outcome of Appellant's convictions would have resulted to an acquittal? [sic]

3. Was it not the Commonwealth's responsibility, moreso than defense counsel's, to obtain the eyewitness's testimony after discussing it with the police/detective[s] whom knew what the testimony supported in favor of Appellant's innocence; seeing

such testimony corroborated Appellant's testimony to police, and that by not doing so prejudice the outcome of Appellant's discovery rights to prove the alleged victim had committed perjury to authorities? [sic]

4.      Was the Trial Court in error to dismiss Appellant's PCRA without a hearing, without first allowing the eyewitness to testify on behalf of Appellant's innocence; that corroborates Appellant's testimony to police, and the Commonwealth lacked corroborating evidence to substantiate the alleged victim's testimony? [sic]

Appellant's Brief at 5-6.

Appellant avers that the PCRA court erred in concluding that his petition was untimely.  Appellant does not refer to any particular statement in Mr. Henderson's affidavit, and his discussion is not entirely clear or coherent. However, we discern Appellant's claims to be that the affidavit "proves [he] is innocent of the crimes" and "was not used to impeach the credibility of the victim" but rather to corroborate his statement to the detective; "the police and Commonwealth both withheld the testimony [sic] of the under-aged witness from the police's Incident/Investigative Report and defense"; "[t]he essence of the eyewitnesses' (unknown) testimony . . . is an [essential piece] of evidence that the Commonwealth is required to know . . . when contained within the police's investigation report and must relinquish that evidence to defense [sic];" and the Commonwealth chose not "to seek additional testimony from the juvenile" or "question[ ] the officer as to what the witness saw" because the Commonwealth "most likely" knew that what the witness told police was in Appellant's favor.  Id. at 9-10.  Finally, Appellant contends that he could not have ascertained this newly discovered evidence earlier.

This Court has stated:

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level."

Commonwealth v. Miller, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

We "first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." Id. A PCRA petition "shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the three limited exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1). 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). With respect to the "newly discovered evidence" at Subsection 9545(b)(1)(ii):

[T]he petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. We have unequivocally explained that "the exception . . . does not require any merits analysis of the underlying claim." Rather, the exception only requires a petitioner to "prove that the facts were unknown to him and that he exercised due diligence in discovering those facts."

Once jurisdiction has been properly invoked . . . the relevant inquiry becomes whether the claim is cognizable under the PCRA. Section 9543, titled "Eligibility for relief," governs this inquiry. [Pertinently], section 9543 delineates seven classes of allegations that are eligible for relief under the PCRA. See 42 Pa.C.S.A. § 9543(a)(2). Of relevance here is the "after-discovered evidence" provision, which states that a claim alleging "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the

trial if it had been introduced" is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi). To establish such a claim, a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict."

Commonwealth v. Cox, 146 A.3d 221, 227-228 (Pa. 2016).

As stated above, Appellant relies on the newly-discovered evidence exception.[5] See 42 Pa.C.S.A. § 9545(b)(1)(ii). The PCRA court rejected this claim, concluding that it "was not persuaded that [Appellant] has proved that the facts were not known to [Appellant] and he could not have obtained this information through reasonable diligence." PCRA Court Opinion, 3/26/18, at 2. The court observed that the affidavit of probable cause stated that police interviewed Demarsje Henderson on the night of the incident, and that with due diligence, Appellant could have interviewed the witness and called him to testify. Id. We agree. Although Appellant now avers that it was "the Commonwealth's responsibility, more[ ] than the defense counsel's, to obtain

_____

[5] Appellant's timely post-sentence motion was denied on December 7, 2012 and he did not file a direct appeal. Thus, his judgment of sentence became final for PCRA purposes thirty days thereafter, on Monday, January 7, 2013. See 1 Pa.C.S.A. § 1908 (when last day of any statutory period of time falls on Sunday, such day shall be omitted from computation); 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking review); Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion[.]"). Appellant then had one year, until January 8, 2014, to file a PCRA petition. See 42 Pa.C.S.A. § 9545(b)(1).

the eyewitness's testimony," he provides no legal authority to support this assertion. See Appellant's Brief at 10. We discern no error by the PCRA court.

Furthermore, even if Appellant had properly pled the newly-discovered evidence exception at Section 9545(b)(i)(ii), we would agree with the PCRA court's determination that Appellant failed to establish that he was entitled to relief under the after-discovered requirement at Section 9543(a)(2)(vi).[6] Mr. Henderson's affidavit would merely be cumulative of evidence already adduced at trial — Appellant's statement to the investigating detective that it was the victim who pulled the gun on him, and the gun discharged when Appellant tried to grab it. See Cox, 146 A.3d at 228.

For the above reasons, we agree with the PCRA court that Appellant is not entitled to relief because his petition is untimely.

_____

[6] We note that the PCRA court's opinion considers the newly-discovered evidence, set forth at Section 9545(b)(1)(ii), and the after-discovered exception at Section 9543(a)(2)(vi) together. See PCRA Court Opinion, 3/26/18, at 2 (stating that Appellant's PCRA petition alleged "after-discovered evidence" pursuant to Section 9545(b)(1)(ii)). Our Supreme Court has "cautioned against the conclusion that there is an overlap between these provisions and reiterated that they remain distinct inquiries." Cox, 146 A.3d at 228. Nevertheless, we affirm the order dismissing Appellant's PCRA petition for the reasons set forth above.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2018