J-S08015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARRETT ALVIN KINLEY | : | |
| | : | |
| Appellant | : | No. 1009 MDA 2023 |

Appeal from the PCRA Order Entered June 20, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000801-2016

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED: APRIL 9, 2024**

Appellant, Jarrett Alvin Kinley, appeals from the June 20, 2023 order entered in the Court of Common Pleas of Northumberland County that dismissed, without prejudice, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order and remand the case for further proceedings in accordance with this memorandum.

The record demonstrates that, on February 6, 2019, a jury convicted Appellant of rape by forcible compulsion (Count 1), rape of a child (Count 2), involuntary deviate sexual intercourse by forcible compulsion (Count 3), involuntary deviate sexual intercourse - complainant less than sixteen years of age but assailant is four or more years older than complainant (Count 4),

_____

[*] Former Justice specially assigned to the Superior Court.

incest of a minor – person less than 13 years of age (Count 5), and indecent assault - complainant less than thirteen years of age (Count 6).[1]  On September 18, 2019, Appellant was sentenced to an aggregate sentence of 30 to 60 years' incarceration and a consecutive term of 3 years' probation. Appellant filed a timely post-sentence motion, which the trial court subsequently denied.

On direct appeal, this Court affirmed Appellant's convictions but vacated his sentence and remanded the case for resentencing because the trial court did not impose individualized sentences.  Our Supreme Court subsequently denied Appellant's petition for allowance of appeal, and the Supreme Court of the United Stated denied Appellant's petition for *writ* of *certiorari* on February 22, 2022.  ***Commonwealth v. Kinley***, 251 A.3d 1239, 2021 WL 983020, at *9 (Pa. Super. filed Mar. 16, 2021) (unpublished memorandum), *appeal denied*, 262 A.3d 455 (Pa. 2021), *cert. denied*, 142 S.Ct. 1139 (2022).

Upon resentencing, on August 29, 2022, the trial court imposed, *inter alia*, an aggregate sentence of 30 to 60 years' incarceration.[2]  Appellant did

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3121(c), 3123(a)(1), 3123(a)(7), 4302(b)(1), and 3126(a)(7), respectively.

Appellant's first trial resulted in a mistrial on May 9, 2018, after defense counsel's opening remarks violated the Rape Shield Law, 18 Pa.C.S.A. § 3104(a).  ***See*** Trial Court Order, 5/9/18.

[2] On Count 1, Appellant was resentenced to 10 to 20 years' incarceration with the sentence set to run consecutively to the sentence imposed at Count 2.  On Count 2, Appellant was resentenced to 20 to 40 years' incarceration.  On

not appeal his new sentence with this Court. As such, Appellant's judgment of sentence became final on September 28, 2022. **See** Pa.R.A.P. 903(a) (stating that, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

On February 17, 2023, Appellant filed a counseled PCRA petition, his first.[3] Thereafter, the PCRA court scheduled an evidentiary hearing on Appellant's petition. PCRA Court Order, 3/6/23 (scheduling an evidentiary hearing for April 24, 2023); **see also** PCRA Court Order, 3/10/23 (continuing

_____

Count 3, Appellant was resentenced to 10 to 20 years' incarceration with the sentence set to run concurrently to the sentence imposed at Count 1. On Count 4, Appellant was resentenced to 10 to 20 years' incarceration with the sentence set to run concurrently to the sentence imposed at Count 1. On Count 5, Appellant was resentenced to 2 to 10 years' incarceration with the sentence set to run concurrently to the sentence imposed at Count 1. On Count 6, Appellant was resentenced to 6 months' to 2 years' incarceration with the sentence set to run concurrently to the sentence imposed at Count 1. Appellant was given credit for time served from March 19, 2016, to March 24, 2016, and from February 6, 2019, to September 18, 2019. On Counts 1, 3, 4, 5, and 6, Appellant was ordered to pay a $100.00 fine. Appellant was also subject to a lifetime registration under Subchapter H of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.11 to 9799.40, as a Tier III sexual offender. **See** 42 Pa.C.S.A § 9799.14(d); **see also** 42 Pa.C.S.A. § 9799.15(a)(3).

[3] Counsel entered her appearance on behalf of Appellant on January 17, 2023.

the evidentiary hearing to June 27, 2023); PCRA Court Order, 6/8/23 (continuing the evidentiary hearing to August 29, 2023). On June 12, 2023, the Commonwealth filed a motion to dismiss Appellant's petition on the ground that the "motion" filed by Appellant did not contain the requisite allegations necessary to constitute a PCRA petition but, rather, was a "brief" containing 186 pages of argument.[4] On June 20, 2023, the PCRA court dismissed Appellant's petition without prejudice.

The next day, on June 21, 2023, Appellant filed a response to the Commonwealth's motion to dismiss. On June 26, 2023, the Commonwealth filed a motion to dismiss Appellant's response as moot, which the PCRA court granted on June 28, 2023. On June 30, 2023, Appellant filed a motion to vacate the PCRA court's June 20, 2023 order dismissing his petition without prejudice.[5] On July 17, 2023, Appellant filed a notice of appeal challenging

---

[4] In its motion to dismiss Appellant's petition, the Commonwealth averred the following:

1. [Appellant's] counsel filed a motion for [collateral] relief under the [PCRA].
2. The motion filed is not[,] in fact[,] a motion[,] it is a brief containing 186 pages of argument.
3. While arguing the brief, [Appellant's] counsel has not rendered a pleading that contains the requisite allegations needed for a PCRA petition to continue on to the brief stage.

Commonwealth's Motion to Dismiss, 6/12/19 (extraneous capitalization omitted).

[5] The PCRA court took no action on Appellant's motion to vacate the June 20, 2023 order.

- 4 -

the PCRA court's June 20, 2023 order dismissing his petition without prejudice.[6]

Appellant raises the following issues for our review:

[1.] Because [Appellant's] PCRA petition was not defective as originally filed (as that term is meant under [Pennsylvania Rule of Criminal Procedure] 905(B) and defined by the official comment to [Rule] 905), and he demonstrated his entitlement to an evidentiary hearing on each of the claims raised, must his case be remanded for the evidentiary hearing that the PCRA court already determined was necessary and appropriate?

[2.] Did the PCRA court err by dismissing the PCRA petition without ordering amendment of the petition, indicating the nature of the defects, and specifying the time within which an amended petition must have been filed, in violation of the mandatory language of [Rule] 905(B)?

[3.] Did the PCRA court err by dismissing [Appellant's] PCRA petition where it failed to first provide notice to [Appellant] of its intention to dismiss, and failed to state any reasons for the dismissal, in violation of the mandatory language of [Pennsylvania Rule of Criminal Procedure] 907(1)?

[4.] Did the PCRA court err by dismissing [Appellant's] PCRA petition without a hearing where there existed genuine issues concerning material facts as to each of the claims raised, which, in turn, demonstrated [Appellant's] entitlement to an evidentiary hearing, and where the PCRA court already had been satisfied that an evidentiary hearing "on each of the claims raised" in [Appellant's] PCRA petition was necessary and appropriate?

[5.] Did the PCRA court err by dismissing [Appellant's] PCRA petition where [Appellant] successfully demonstrated that trial counsel rendered ineffective assistance of counsel pursuant to Article [I], Section 9 of the Pennsylvania

_____

[6] Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 5 -

> Constitution and the Sixth Amendment to the United States Constitution for failing to file a motion to dismiss and bar retrial on double jeopardy grounds, pursuant to Article [I], Section 10 of the Pennsylvania Constitution, the Fifth Amendment to the United States Constitution, and [Pennsylvania Rule of Criminal Procedure] 605(B)?

Appellant's Brief at 4-5 (extraneous capitalization omitted).[7]

Appellant's first and second issues challenge the PCRA court's order dismissing his petition, without prejudice, on the ground that the PCRA court dismissed his petition without first permitting him an opportunity to file an amended petition pursuant to Rule 905(B). *Id.* at 21-30.

It is well-settled that appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Pennsylvania Rule of Criminal Procedure 902 states, in pertinent part, as follows:

**Rule 902.  Content of Petition for Post-Conviction Collateral Relief; Request for Discovery**

**(A)** A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested and shall contain substantially the following information:

(1) the name of the defendant;

---

[7] On February 9, 2023, the Commonwealth filed a letter with this Court indicating, *inter alia*, that it did not intend to file a response brief.

(2) the place where the defendant is confined, or if not confined, the defendant's current address;

(3) the offenses for which the defendant was convicted and sentenced;

(4) the date on which the defendant was sentenced;

(5) whether the defendant was convicted by a jury, by a judge without jury, on a plea of guilty, or on a plea of *nolo contendere*;

(6) the sentence imposed and whether the defendant is now serving or waiting to serve that sentence;

(7) the name of the judge who presided at trial or plea and imposed sentence;

(8) the court, caption, term, and number of any proceeding (including appeals, prior post-conviction collateral proceedings, and federal court proceedings) instituted by the defendant to obtain relief from conviction or sentence, specifying whether a proceeding is pending or has been completed;

(9) the name of each lawyer who represented the defendant at any time after arrest, and the stage of the case at which each represented the defendant;

(10) the relief requested;

(11) the grounds for the relief requested;

(12) the facts supporting each such ground that:

    (a) appear in the record, and the place in the record where they appear; and

    (b) do not appear in the record, and an identification of any affidavits, documents, and other evidence showing such facts;

(13) whether any of the grounds for the relief requested were raised before, and if so, at what stage of the case;

(14) a verification by the defendant that:

    (a) the facts set forth in the petition are true and correct to the best of the defendant's personal knowledge or information and belief and that any false statements therein are made subject to the penalties of the Crimes Code, 18

Pa.C.S.[A.] § 4904, relating to unsworn falsification to authorities; and

(b) the attorney filing the petition is authorized by the defendant to file the petition on the defendant's behalf;

(15) if applicable, any request for an evidentiary hearing. The request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition; and

(16) if applicable, any request for discovery.

The petition may, but need not, include concise argument or citation and discussion of authorities.

**(B)** Each ground relied upon in support of the relief requested shall be stated in the petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief.

**(C)** The defendant shall state in the petition the name and address of the attorney who will represent the defendant in the post-conviction collateral proceeding. If the defendant is unable to afford or otherwise procure counsel, and wants counsel appointed, the defendant shall so state in the petition and shall request the appointment of counsel.

**(D)** The defendant shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached.

Pa.R.Crim.P. 902(A) to (D).

Pennsylvania Rule of Criminal Procedure 905 states, in pertinent part,

as follows:

**Rule 905. Amendment and Withdrawal of Petition for Post-Conviction Collateral Relief**

(A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.

(B) When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.

Pa.R.Crim.P. 905(A) and (B).

In the case *sub judice*, the PCRA court explained its reasons for dismissing Appellant's petition, without prejudice, as follows, "[Appellant's petition] appears to be more in the nature of a [b]rief than a [p]etition setting forth the allegations which could then be fleshed out through [later] briefing." PCRA Court Opinion, 11/23/23, at 3 (unpaginated). In its Rule 1925(a) opinion, the PCRA court requested that this Court remand the case with the directive that Appellant file an amended petition "in a form more succinctly setting forth the allegations which would then allow the [PCRA court] to hear argument on this matter and direct the parties to issue [b]riefs on those areas the [PCRA court] deemed necessary." ***Id.***

The record reveals that Appellant filed his counseled PCRA petition on February 17, 2023, and the PCRA court scheduled an evidentiary hearing on the matter. On June 12, 2023, the Commonwealth filed a motion to dismiss Appellant's petition on the ground that it failed to set forth sufficient allegations pursuant to Rule 902(A). On June 20, 2023, the PCRA court

entered an order dismissing Appellant's petition without prejudice.[8]  Rule 905(B) requires a PCRA court, upon determination that the petition is defective as originally filed, to order the filing of an amended petition. Pa.R.Crim.P. 905(B).  In so ordering, the PCRA court must indicate the nature of the defects and specify the time within which the petitioner shall file an amended petition.  *Id.*  It is only after the petitioner fails to file an amended petition within the timeframe provided that the PCRA court may dismiss the petition without a hearing.[9]  *Id.*  Here, the PCRA court, upon receiving the

_____

[8] In its Rule 1925(a) opinion, the PCRA court stated that it dismissed Appellant's petition in an order entered on June 27, 2023.  A review of the PCRA court docket reveals that the order dismissing Appellant's petition without prejudice was, in fact, entered on June 20, 2023.

[9] Pennsylvania Rule of Criminal Procedure 907 permits a PCRA court to dismiss a petition without an evidentiary hearing when the PCRA court, upon review of the petition, is satisfied that no genuine issues concerning material facts exist and that the petitioner is not entitled to collateral relief.  Pa.R.Crim.P. 907(1).  Before such a dismissal, however, the PCRA court must provide the petitioner with notice of the intent to dismiss the petition and state the reasons for the dismissal.  *Id.*  The petitioner must then be provided at least 20 days in which to file a response to the notice of intent to dismiss the petition  *Id.*

In reading Rule 907 in conjunction with Rule 905, we find that when a petitioner files a petition that the PCRA court deems defective, a PCRA court may only proceed with its notice to dismiss the petition pursuant to Rule 907 after the PCRA court has provided the petitioner with an opportunity to file an amended petition pursuant to Rule 905(B) and the petitioner has failed to do so.  Otherwise if a petitioner files an amended petition pursuant to Rule 905(B), the PCRA court, upon review of the amended petition, may (1) schedule an evidentiary hearing or (2) proceed in accordance with Rule 907 to provide notice of its intent to dismiss the petition if no genuine issues of material fact exist and the PCRA court does not believe that the petitioner is entitled to collateral relief.

Commonwealth's motion to dismiss the petition on the ground that it was defective, agreed with the Commonwealth and dismissed Appellant's petition without prejudice. In so doing, the PCRA court erred by failing to first provide Appellant notice of the nature of the defects and an opportunity to file an amended petition pursuant to Rule 905(B). Therefore, we conclude, as a matter of law, that the PCRA court erred in dismissing Appellant's petition without prejudice. Consequently, we vacate the June 20, 2023 order dismissing Appellant's petition without prejudice and remand this case so the PCRA court may enter an order identifying the defects in Appellant's petition and offering Appellant an opportunity to file an amended petition. ***See*** Pa.R.Crim.P. 905(B).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2024

- 11 -